Judge Underwood,
delivered the opinion of the court.
It was erroneous to dismiss the bill ah-solutely, because the proper parties were not before the court. The certificate of the editor, instead of . the printer and proprietor, is insufficient. We concur with the circuit court, that the contract should be specifically executed. But, as by the death oí Stewart, the land descended to his heirs, some of whom were minors, and some non-residents, and as the title was to have been made upon the payment of the last of the purchase money, we are of opinion, that Griffing had a right to apply to the chancellor under these circumstances, to secure his title before parting with his money. Consequently, the court erred in making him pay damages upon the dissolution of the injunction. It was also erroneous to make him pay the costs of the suit in chancery, if the suit as to parties, had been properly prepared for trial. As the court undertook, by the decree, to secure Griffing his title, it was improper to dismiss the bill. It should have been retained as the foundation pf the decree *444 for the title; and the injunction could have been drs-charged or dissolved, notwithstanding. As the pro* per parties were not before the coart, the title made to Griffiing, by the commissioner, is inoperative, at least, so far as it respects the heirs who were not parties.
John Trimble and- Mtmroe, for plaintiff; Crittenden^ for defendants.
The decree is- reversed with costs, and the cause remanded for proper parties, and proceedings not inconsistent herewith, or for dismission without prejudice.